UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELESFORO QUINTANILLA,<br><br>    Plaintiff,<br><br>    v.<br><br>SISKIYOU COUNTY JAIL, et al.,<br><br>    Defendants. | No. 2:15-cv-1115 CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983.  On August 20, 2015, plaintiff's amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). [1] The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

---

[1] The court notes that in his second amended complaint, plaintiff suggests that the court will not consider his claims because he is indigent. ECF No. 11 at 5. As plaintiff has been informed, he is required to pay the filing fee to the extent he has the money to do so in his trust account. This action proceeds in accordance with federal law and this court screens plaintiff's pleadings in accordance with 28 U.S.C. § 1915A(a) regardless of whether plaintiff actually has the money.

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds that the allegations in plaintiff's second amended complaint are still so vague and conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's amended second complaint must be dismissed.  The court will, however, grant plaintiff one final opportunity to amend.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

1  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the third amended
2  complaint must allege in specific terms how each named defendant is involved.  There can be no
3  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
4  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
5  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
6  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
7  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
9  make plaintiff's third amended complaint complete.  Local Rule 220 requires that an amended
10 complaint be complete in itself without reference to any prior pleading.  This is because, as a
11 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
12 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a third amended complaint, the original pleading
13 no longer serves any function in the case.  Therefore, in a third amended complaint, as in an
14 original complaint, each claim and the involvement of each defendant must be sufficiently
15 alleged.

16      Finally, plaintiff should also refer back to the court's August 20, 2015 order for further
17 instructions regarding the contents of his third amended complaint.

18      In accordance with the above, IT IS HEREBY ORDERED that:

19      1. Plaintiff's second amended complaint is dismissed; and

20      2. Plaintiff is granted thirty days from the date of service of this order to file a third
21 amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
22 of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the
23 docket number assigned this case and must be labeled "Third Amended Complaint";
24 /////
25 /////
26 /////
27 /////
28 /////

1 | failure to file a third amended complaint in accordance with this order will result in a
2 | recommendation that this action be dismissed.
3 | Dated:  September 2, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
quin1115.14(2)